ROTZLER v. ROTZLER ET UX..

1. **Landlord and Tenant:** LIEN FOR RENT: ATTACHMENT. The landlord has a lien for rent upon growing crops, which may be enforced by attachment, upon proof that the rent is due and unpaid.

*Appeal from Black Hawk District Court.*

MONDAY, JUNE 11.

THE petition of plaintiff shows that defendants rented of plaintiff a certain tract of land at specified rent, which is due, that a part of the rent has been paid, but defendant refuses to pay the balance; that defendant is insolvent, and plaintiff believes unless he is restrained he will sell and dispose of the grain grown upon the farm. It is alleged that Mary Rotzler claims some interest in the property. Petition prays that an injunction be issued restraining defendant from removing, interfering with, or exercising control over the property, and that a receiver be appointed to take charge of it. The injunction as prayed for in the petition was granted. Defendant

moved to dissolve the injunction on the ground, among others, that plaintiff had a plain and adequate remedy at law. The motion was overruled, and from this order of the court defendant appeals.

*Scales & Cassidy,* for appellant.

No appearance for appellee.

BECK, J.—We are united in the opinion that the injunction ought to have been dissolved upon the motion of defendant, and, indeed, that it was erroneously allowed.

Upon the showing of the petition plaintiff had an ample and plain remedy at law. The rent was due, and, therefore,

**1. LANDLORD and tenant: lien for rent: attachment.** she had a landlord's lien which she could have enforced by attachment upon a showing of the maturity of her claim, and that it accrued for rent. Code, § § 2017, 2018. Such a showing she makes in the petition for the injunction.

Whether the judge granting the injunction had jurisdiction of the case, and other questions presented in the argument of counsel, we do not determine, as the decision of the court below, for the error in refusing to dissolve the injunction, must be

REVERSED.